RUSSELL FROST *vs.* ANNIE C. HAVILAND.

Third Judicial District, New Haven, June Term, 1905.
TORRANCE, C. J., BALDWIN, HAMERSLEY, HALL and PRENTICE, Js.

The defendant, who owned a corner lot bounded east and south by
highways, sold the northern part to the plaintiff and agreed in
writing not to build on the southern part anything except a dwell-
ing-house, which was to be at least fifty feet back from the west
curb line of the east highway, and substantially in the center of
the southern part, midway between the plaintiff's lot and the re-
taining wall of the highway on the south, which wall was com-
monly regarded as the north line of such highway. Subsequently
the city took a strip of the plaintiff's land to widen the highway
on the south of her lot, and she afterwards commenced the erec-
tion of a dwelling-house the middle line of which, east and west,
was substantially coincident with the middle line of her lot as
thus narrowed by the action of the city. The plaintiff claimed
that the location of the house on that line was in violation of the
defendant's agreement, and sought to restrain its erection. *Held*
that the agreement when reasonably construed, and especially when
read in the light of the surrounding circumstances and the situa-
tion of the contracting parties at the time of its execution, did
not sustain the claim of the plaintiff, nor justify the issue of an
injunction against the erection of the dwelling-house on the site
selected by the defendant.

Argued June 16th—decided July 14th, 1905.

SUIT to restrain the defendant from the erection of a build-
ing upon her land adjoining the premises of the plaintiff, in
alleged violation of a written agreement between the par-
ties, brought to and tried by the Superior Court in Fairfield
County, *Case, J.;* facts found and judgment rendered for
the plaintiff, and appeal by the defendant. *Error and cause
remanded, with instructions to enter judgment for the defendant.*

*Samuel Fessenden,* for the appellant (defendant).

*Stiles Judson,* for the appellee (plaintiff).

HAMERSLEY, J.  This action is brought on the following written agreement which was reduced to writing by the plaintiff and executed by the defendant: —

" This agreement made by Annie C. Haviland of the town of Norwalk, Fairfield County, Connecticut, with Russell Frost of said town of Norwalk, witnesseth as follows:  That the said Annie C. Haviland, in consideration of one dollar and other valuable and sufficient considerations, received from the said Russell Frost has agreed and hereby does agree with the said Russell Frost, his heirs, executors, administrators and assigns, and hereby binds herself, her heirs, executors, administrators and assigns, to this agreement and its performance by her and them, that neither she nor they shall or will place or build or cause or allow to be placed or built, upon the land or any part thereof, now owned or claimed by her, on the corner of West Avenue and Cedar Street, in the city of South Norwalk, and bounded northerly by land this day conveyed by her to said Russell Frost, and westerly by a driftway, any building except a dwelling-house and the buildings necessarily and properly appurtenant thereto; and that neither she nor they shall place or build or cause or allow to be placed or built, such dwelling-house or other building or any part thereof, except the steps, nearer than fifty (50) feet from the westerly curb, as it now is, of said West Avenue, nor otherwise than substantially the center of said tract midway between the lot of said Frost and the retaining wall of Cedar Street, except with the written consent of the said Russell Frost, his heirs and assigns, and this agreement is, and is intended to be, and to be construed as, a grant to the said Russell Frost, his heirs and assigns forever, of the aforesaid right and interest in and to the aforesaid tract of land which he, his heirs, executors, administrators and assigns may enforce by writ of injunction, or otherwise, or pursue such other remedy as he or they may choose.  In witness whereof, the said Annie C. Haviland has hereunto set her hand and seal this 13th day of June, 1893."

" The retaining wall of Cedar Street," referred to in the

Frost v. Haviland.

agreement, was the Cedar Street portion of a stone wall supporting the highways known as Cedar Street and West Avenue, which had been built by the town of Norwalk in 1871, the town at the same time building an iron fence on the top of the wall extending throughout its whole length.* This wall commenced on West Avenue, at a point some distance north of the southerly boundary line of land of the plaintiff

* The following diagram shows the location of the land in question:

A B C D—Present location of defendant's cellar.
a b c d—Location of cellar as claimed by plaintiff, to be required by Exhibit II.
X—Middle point of 51-foot line and middle point of present cellar.
B—Middle point of 70-foot line.

mentioned in the agreement as conveyed on the same day by the defendant to the plaintiff, and extended southerly along West Avenue to a point on that street about 55 feet south of said boundary line of plaintiff's land, and at this point commenced a curve by which it turned westerly and followed Cedar Street to a point opposite the rear or westerly boundary line of both lots mentioned in the agreement. The land bounded north by the plaintiff's said lot and west by the said driftway, and included within the line of said retaining wall of Cedar Street on the south and of West Avenue on the east, formed a lot with a frontage on West Avenue—that is, from the plaintiff's south line to the commencement of the curve by which the wall turned upon the line of Cedar Street at the intersection of the two streets—of about 55 feet, and with a width at the rear end, abutting upon the driftway, of 77 feet. This wall existed at the date of the agreement, and the Cedar Street portion of the wall was commonly regarded as being the north line of Cedar Street, and had been so recognized by certain action of the city of South Norwalk. On the day the agreement was executed the defendant owned the land that day conveyed by her to the plaintiff, and also the main portion of the land south of that conveyed, including the frontage on West Avenue to or near the point mentioned at the curve in the wall and extending at about the width of that frontage to the driftway at the west, by virtue of a warranty deed given to her in 1888; and claimed to own the strip of land lying between the land thus warranted and the north line of Cedar Street, as marked by the retaining wall, by virtue of a clause in the same deed of warranty by which the grantors also quitclaimed to the defendant all right or title they might have to land between that warranted and the northerly line of Cedar Street. The defendant from the date of said deed had been in actual possession of all the land thus owned and claimed to be owned by her.

In 1893, whether before or after the date of the agreement does not appear, the city of South Norwalk, with a view to widening Cedar Street, commenced proceedings to

condemn said strip of land claimed by the defendant and lying north of said old Cedar Street retaining wall. Subsequently, in 1895, the city straightened and widened Cedar Street and fixed the north line thereof as a line commencing on West Avenue at the point mentioned as the beginning of the curve in the old retaining wall and about 55 feet from the plaintiff's south line, and extending to the rear of the defendant's lot at a point 37 feet north of the old retaining wall, and did this in connection with other improvements at the rear of the defendant's and plaintiff's lots. This action of the city was taken in connection with an agreement, signed by the plaintiff and others interested in widening Cedar Street, to forward these proceedings, by which the subscribers agreed to pay the city the sums subscribed, amounting in the whole to a large part of the cost of the improvement, and was also taken in connection with an agreement between the defendant and the city by which— waiving the differences existing between them as to the true north line of Cedar Street and as to the defendant's ownership in fee of the adjoining land immediately north of the north line of Cedar Street, as the fence then stood thereon— it was agreed that the defendant would surrender for highway purposes the land needed for the improvement and do certain other things in connection therewith beneficial to the city, and that the city would execute the improvement, including the building of a sidewalk, in the manner stated. As a result of this action of the city thus taken, the land of the defendant on the corner of West Avenue and Cedar Street had a frontage on West Avenue of about 55 feet, and a width at the rear bounded on the old driftway of 40 feet, with a depth of 186 feet. The width of West Avenue in front of the defendant's lot is about 70 feet, and the width of Cedar Street as thus widened and altered on the south side of her lot is about 40 feet.

Subsequently the defendant prepared plans for the erection upon her lot of a residence for herself and daughters. The proposed building will be in every way a suitable one for the locality and ornamental to the property. In 1903

the defendant had at large expense excavated a cellar and constructed the walls thereof according to said plans, and was about to go on with the erection of the dwelling-house according to said plans, when this suit was commenced to test the plaintiff's right under said written agreement to prevent the defendant from constructing her dwelling-house upon the foundations thus laid.

The complaint sets out the written agreement in full, and alleges its execution by the defendant on June 13th, 1893; alleges the execution upon the same day, by the defendant, of the deed of the land mentioned in the agreement as conveyed to the plaintiff, which land had a frontage on West Avenue of 70 feet; that said conveyance was made in pursuance of a prior oral agreement between the parties, of the same tenor as the written agreement and which was merged into and evidenced by said writing, and that said purchase was induced by said agreement; that the plaintiff in reliance upon the terms of said writing, and with the knowledge of the defendant, constructed a dwelling-house and made other improvements upon the land so purchased by him. These allegations are found by the court to have been proved and to be true.

The next two paragraphs of the complaint contain what is substantially an allegation of mixed fact and law. The proposition of law is, that by the true interpretation of said written agreement it describes a definite line fixed upon the surface of the land lying between the plaintiff's south boundary line on the north and the retaining wall of Cedar Street on the south, bisecting so much of that land as lies westerly of a line drawn from said boundary line to said retaining wall at a distance of 50 feet from the westerly curb of West Avenue, which bisecting line at its commencement on said 50-foot line is equally distant from said south boundary on the north and said retaining wall on the south, and forbids the erection of a dwelling-house on any part of that land unless it shall be so placed that a line running through said dwelling-house from west to east, and equidistant from its north and south wall, shall be coincident

with said bisecting line so fixed upon the surface of the land. The allegations of fact are that this bisecting line fixed by the agreement upon the surface of the land is 35 feet distant from the plaintiff's south boundary line, and that a line drawn through the cellar dug by the defendant equidistant from its north and south wall (upon which foundation she threatens to build her house) is 22 feet from the plaintiff's south boundary line. The court sustained the plaintiff's proposition of law, and found the facts as alleged.

The remaining paragraph alleges that said dwelling-house will materially depreciate the value of the plaintiff's land and will cause him irreparable injury, and that he is without adequate remedy at law. As to these allegations, the court finds that the erection of the dwelling-house on the site in question will not materially, if at all, affect the actual market value of the plaintiff's property ; that it will in various ways prejudice him, inasmuch as he was induced to abandon another site which he had selected upon the faith of the defendant's assent to the provisions of the oral agreement merged in the writing he prepared, and had constructed his living rooms and veranda for out-door living, on the south side of his house, in the expectation that he would not suffer the annoyance of the proximity of another dwelling-house within the distance prescribed in the writing. The actual distance of the north wall of the proposed dwelling-house from the south line of the plaintiff's veranda is 30 feet, and from the main south wall of the plaintiff's house is 40 feet. The court further finds that "in view of the construction given to the agreement between the parties, and the acts of the plaintiff in reliance thereon, as hereinbefore found, the plaintiff is without adequate remedy at law, and is entitled to the relief asked for and applied, to protect him against a breach of that agreement." Upon this construction of the writing, and the finding of material facts as substantially included in the foregoing statement, the judgment appealed from is based.

We think it evident that the construction of the writing

claimed by the plaintiff and sustained by the court is erroneous, and that in view of the true interpretation of the writing the only legal conclusion from the facts found by the court demands a judgment for the defendant. The writing put certain restrictions upon the use by the plaintiff, her heirs or assigns, of her land " on the corner of West Avenue and Cedar Street." In referring to this corner lot as " now owned or claimed " by the defendant, the writing may imply that it is immaterial whether the lot is now actually owned by the defendant or claimed by her, but that when the lot on the corner of the two streets is used by her or her assigns for the building of any structure, its use will be subject to the restrictions prescribed; or it may imply that the lot on the corner of the two streets may be as now certainly owned by her, or as now claimed by her, but that in either case it is the corner lot as used for building purposes to which the following restrictions apply.

The plaintiff had agreed upon a purchase from the defendant of the northerly portion of her corner lot having a frontage upon the broad street known as West Avenue, and having a depth of about 180 feet on the narrow street known as Cedar Street. The portion to be purchased measured 70 feet on West Avenue, and was intended by the plaintiff for the erection of a handsome residence for himself at a suitable distance from the avenue, and naturally he wished some security that the portion of the lot retained by the defendant, with its frontage of about 55 feet on the straight line of the broad avenue and of about 180 feet on the narrow street, should remain residential property to be improved, like the land to be purchased by him, by an appropriate dwelling-house fronting on West Avenue. The defendant assented to this, and their understanding or agreement is expressed in the writing prepared by the plaintiff. In this writing the defendant agrees that only a dwelling-house and the necessary appurtenant buildings shall be placed on this land; that this dwelling-house shall be placed westerly of a line definitely fixed on the surface of her land, that is, at

"fifty (50) feet from the westerly curb, as it now is, of West Avenue"; and that no part of the dwelling-house except the steps shall project beyond this line; and as further security for the use of the corner lot as residential property fronting on West Avenue, she agrees that the dwelling-house constructed within this fixed West Avenue building line, of which no part except the steps shall project over that line, shall be thus placed in such manner as to be substantially the center of the lot midway between the plaintiff's lot and the north wall of Cedar Street, as the north line of that street was commonly known and claimed by the plaintiff. A dwelling-house suitable to the locality, fronting on the avenue, placed within the definite and fixed building line, and substantially in the middle of the lot as bounded by the plaintiff's land on the north and Cedar Street on the south, fully complies with the restrictive agreement expressed by the language of the writing; and this import of the language appears even more certainly, if the writing is read in the light of the surrounding circumstances and situation of the contracting parties at the time of its execution, as found by the court. We think this construction is the one most reasonable and consistent with the language, and must be given to the agreement executed by the defendant.

The construction of the writing claimed by the plaintiff, and adopted by the court, is apparently induced by an assumption that it was the intention of the parties to secure the plaintiff against the erection of any building whose northern wall should not be as many feet as practicable distant from the southern line of the piazza and the southern wall of the house which the plaintiff was intending to build on the land which he purchased; that this intention was the controlling motive of the agreement, whose language must be moulded so as to give effect to the intention. It would seem at least probable that if such were the controlling intention and purpose of the agreement the plaintiff would have used language, when he reduced the agreement to writing, more clearly expressive of that intention; and

not improbable that if he had used such language the defendant would not have executed the agreement. It is sufficient, however, that such controlling intention and purpose cannot be found in the writing, and is inconsistent with its unquestioned meaning; for it is conceded that the writing not only permits the defendant to build a dwelling-house with its north wall in close proximity to the south line of the plaintiff's lot, but clearly prevents her from building any house (unless so constructed as to extend across her whole lot) so near to the Cedar Street line as to make her north wall as far distant as practicable from the plaintiff's south line and from the south line of his piazza and house. The court finds that the house the defendant proposes to build is one adapted to the locality and ornamental to the property, with an entire frontage of 31 feet, and that the northern wall will be within 10 feet of the plaintiff's south line, and the face of the bay window on the south within about the same distance of the north line of Cedar Street; that the house will front upon West Avenue, and that no portion of it will project beyond the prescribed 50-foot building line. In view of the construction that must be given the writing, the legal conclusion from these facts is that the building of the house as proposed by the defendant will not be a violation of her agreement.

Inasmuch as the facts found, in view of the construction we hold to be the true one, clearly required the court to render judgment for the defendant, it is unnecessary to inquire whether, under a different construction of the contract, an injunction could have been granted, and also unnecessary to consider the errors claimed in the rulings of the court upon the evidence.

There is error, the judgment is reversed and the cause remanded to the Superior Court with instructions to render judgment for the defendant.

In this opinion the other judges concurred.